UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA	Case No. 3:09-cr-153

v.	Judge Timothy S. Black

DAVID C. BIGI and
ROBERT J. BIGI,

      Defendants.

### ORDER DENYING SEVERANCE

Now before the Court is the motion of Defendant Robert Bigi for a separate trial (Doc. 176). The Government has filed its memorandum in opposition (Doc.185), and Defendant has presented his reply memorandum in support of severance (Doc. 190).

Persons jointly indicted normally should be tried together. *United States v. Stull*, 743 F.2d 439 (6th Cir. 1984). Nevertheless, Federal Rule of Criminal Procedure 14 states that "if the joinder of defendants in an indictment ... or for trial ... appears to prejudice a defendant or the government, the court may ... sever the defendants' trials, or provide any other relief that justice requires." Under the Rule, the defendant bears a heavy burden to establish that joinder would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Specifically, the defendant must show an inability by the jury to separate and to treat distinctively evidence that is relevant to each particular defendant on trial. *United States v. Williams*, 711 F.2d 748, 750 (6th Cir. 1983). And, in this context, when the jury is instructed to disregard certain evidence for certain purposes, courts presume that the jury understands and follows the instruction. *Holmes v. Massillon*, 78 F.3d 1041, 1047 (6th Cir. 1996). Moreover, the fact that a defendant may have a better chance of acquittal in a separate trial is insufficient to require severance. *United States v. DeFranco*, 30 F.3d 664, 669-70 (6th Cir. 1994).

Here, the Defendant's conclusory statement that the joinder of the defendants may affect the jury's ability to render a fair and impartial verdict does not suffice to show substantial prejudice. *United States v. Tran*, 433 F.3d 417, 478 (6th Cir. 2006). Moreover, simply arguing that the cumulative effect of the evidence will result in improper prejudice is not sufficient to warrant severance. *United States v. Saadey*, 393 F.3d 669, 678-79 (6th Cir. 2005). Indeed, a defendant may not achieve severance simply because there is a difference in the amount of evidence produced as to each defendant.

*Tran*, 433 F.3d at 478. That is, a difference in the quantum of evidence as to the two defendants is not grounds to sever unless there is a substantial risk that the jury could not compartmentalize or distinguish between the evidence produced on each count. *Id.* The presentation of evidence applicable to more than one defendant is simply a fact of life in multiple defendant cases. *United States v. Driver*, 35 F.3d 424, 427 (6th Cir. 2008). In short, absent a showing of substantial or compelling prejudice, spillover of evidence from one defendant to another does not acquire severance. *Tran*, 433 F.3d at 478; *see also United States v. Beverly*, 369 F.3d 516, 534 (6th Cir. 2004).

Here, Robert Bigi has failed to carry his burden to demonstrate that he will suffer substantial or compelling prejudice from a joint trial with his brother co-defendant. His motion rests on the general claim that a joint trial with his co-conspirator brother will impede the jury's ability to make fair and correct determination. These conclusory allegations are insufficient for Mr. Bigi to carry his heavy burden to obtain severance. Moreover, as the Bigi brothers are charged with participating in a single criminal scheme described in two separate conspiracies, the United States must necessarily introduce evidence concerning the existence of the conspiracy and both defendants' connection to it. And, in this context, Mr. Bigi has failed to rebut the presumption that the jury will follow the jury instructions to the effect that a separate crime is charged in each count, and that the jurors must consider each count and each defendant separately. Most specifically, the Court concludes that any potential prejudice to Defendant Robert Bigi arising from purported evidence of other alleged crimes or bad acts committed solely by co-defendant David Bigi, <u>if</u> admitted at trial, can be cured through cross-examination and instructions to the jury.

Accordingly, upon careful review of the facts and law, the Court hereby **DENIES** Defendant Robert Bigi's motion for a separate trial (Doc. 176).

**IT IS SO ORDERED.**

Date: 5/4/11

Timothy S. Black
United States District Judge