UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | Case No. 3:09-cr-153 |
| : | |
| Plaintiff, : | Judge Timothy S. Black |
| : | |
| vs. : | |
| : | |
| DAVID C. BIGI (1), : | |
| ROBERT J. BIGI (2), : | |
| : | |
| Defendants. : | |

**ORDER DENYING DEFENDANTS' MOTIONS
FOR JURY VIEW (DOCS. 207, 208)**

This case is before the Court on Defendants' Motions for a Jury View. (Docs. 207, 208). Defendants request that the jury be transported from the Federal Building in Dayton, Ohio to Centerville, Ohio to view 13 skid steers currently stored within the secure parking area at the offices of the Federal Bureau of Investigation ("FBI").

Defendants request that the jurors view all 13 skid steers, their plates bearing vehicle identification numbers ("VIN plates"), and rivets used to affix the VIN plates to the machines and areas on the machines where certain identifying numbers were purportedly removed by "grinding." Defendants contend that the view will aid jurors in determining whether VIN plates or other identifiers have been removed, altered or tampered with, and will show certain purported irregularities viewed by Defense Counsel during a recent inspection.[1]

---

[1] Such purported irregularities include "the freshness of grinding, *i.e.* the lack of oxidation to the steel, when these skid steers have been exposed to the elements for months, especially the rains that occurred in Montgomery County, Ohio in April of 2011 (28 of 30 days) and the fact that the automatic sprinkler system of the FBI building regularly sprinkles theses machines." Defendants also point to painter's tape affixed to at least one skid steer.

Defendants also request that the view take place immediately following *voir dire* and before opening statements.[2] Alternatively, Defendant Robert Bigi requests that the view be allowed following the defense case in chief after the Court has sufficient opportunity "to assess the evidence presented at trial by the Government[.]" (Doc. 208).

The Government filed a memorandum opposing Defendants' request. (Doc. 210). The Government contends that there are ample photographs depicting the skid steers, that Defendants and Counsel had "wholesale access to this equipment," including the ability to take "unlimited photographs of the machinery," and that the parties have retained experts to testify with regard to their observations and opinions concerning the skid steers. Further, the Government raises concerns about the logistics, security, and the consumption of time that a jury view would require.

The decision on whether to permit or to deny a request for a jury view is "highly discretionary." *United States v. Moonda*, 347 Fed. Appx. 192 (6th Cir. 2009) (citing *United States v. Triplett*, 195 F.3d 990, 999 (8th Cir.1999)); *see also United States v. Passos-Paternina*, 918 F.2d 979, 986 (1st Cir.1990) ("The federal courts recognize their inherent power to permit a jury view of places or objects outside the courtroom. The decision to permit a view is entrusted to the sound discretion of the trial court.").

In this case, the Court has concerns regarding the requested jury view. Given the number of jurors required because of the anticipated length of trial (16 jurors including alternates), and the sheer number of different skid steers stored at the FBI facility to be viewed (13 skid steers), the Court believes that the estimated time required for a view is

---

[2] At the outset, the Court denies the requested timing of a jury view, *i.e.*, immediately following voir dire. Essentially, Defendants request that the jury view numerous distinct areas and features on 13 separate skid steers without having the benefit of any argument or evidence placing the items viewed in any context. The Court finds little benefit to a view at that stage of trial.

significantly understated by the parties. Defendant Robert Bigi requests that jurors be permitted "to examine the machines" including examining distinct locations on each machine. (Doc. 208). Certainly, the time needed to examine multiple distinct locations on 13 separate skid steers by 16 separate jurors would likely exceed even the Government's estimate of a half-day of trial. Moreover, the logistics and the actual time involved in traveling to and from Centerville and examining the skid steers is a concern for the Court.

While the substantial time involved is a concern for the Court, there are more significant concerns with regard to controlling the view, such as preventing inadvertent extraneous comments being made during the requested view, limiting juror exposure to irrelevant items, sufficiently making a record of the view, and limiting the possibility of confusing the jury. Certainly the substantial length of time required by the requested view elevates the risk that unsworn, irrelevant or prejudicial comments will be unintentionally made in front of or even by jurors, or that other irrelevant information will be seen, heard, or otherwise sensed that may improperly influence the jury.

There are also legitimate concerns regarding security and providing access to highly secure federal property to over 20 individuals (jurors, counsel, parties, court officials and court security) for the extended time required by the requested view. The Government represents that it is not feasible to move the skid steers from their current secured location because some of the machines are not operable, and, therefore, it appears that accessing the secured lot at the FBI building would be required to view the skid steers.

Finally, the Government contends that there is sufficient other evidence in the form of photographs and testimony, lay and expert, regarding each of the skid steers.

Courts properly act within their discretion when "denying a motion for a view when there is sufficient evidence describing the scene in the form of testimony, diagrams, or photographs." *United States v. Simmons*, 174 Fed. Appx. 913 (6th Cir. 2006) (citing *United States v. Crochiere*, 129 F.3d 233, 236 (1st Cir.1997)).

While the Government points to Defendants' recent inspection and purported "wholesale" opportunity to photograph the skid steers, the Court has no information as to whether photos were actually taken during the inspection or whether photos taken adequately depict what Defendants seek to show the jury. Given that the Court does not possess an extensive familiarity with the entire scope of photographic evidence in the hands the parties at this time, or the entire scope of expected testimony from witnesses, the Court can only speculate at this point as to the sufficiency of other evidence to adequately show or otherwise describe the skid steers. Accordingly, the Court remains open to reconsideration of Defendants' request for a view after the Court has sufficient opportunity to assess the scope of the evidence and to address with Counsel how to attempt to alleviate the Court's concerns.

At this time, Defendants' Motions for a View are **DENIED**. The Government is **ORDERED**, however, to assist Defendants' Counsel in gaining access to the skid steers for the purpose of videotaping or photographing the skid steers for use at trial if so requested by Defendants, and to begin an inquiry of the FBI as to the potential accommodating of a jury view the third week of August 2011, if ordered by the Court.

**IT IS SO ORDERED.**

Date: 7/25/11

Timothy S. Black
United States District Judge