UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:09-cr-153 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| DAVID C. BIGI (1), | : | |
| ROBERT J. BIGI (2), | : | |
| | : | |
| Defendants. | : | |

### ORDER GRANTING THE GOVERNMENT'S MOTION IN LIMINE REGARDING DEFENDANTS' STATEMENTS (DOC. 209)

This case is before the Court on the Government's Motion in Limine Requesting an Order Declaring Certain Defendants' Statements Inadmissible Hearsay.  (Doc. 209). The Government contends that Defendants, when speaking with potential purchasers of equipment, made statements about how Defendants acquired the equipment, *i.e.*, Defendant David Bigi purportedly advised one person that he purchased a particular skid steer from a farm auction.  The Government seeks to preclude Defendants from cross-examining witness with regard to any such out-of-court statements made by Defendants on the basis that such statements are inadmissible hearsay.

Pursuant to Fed. R. Evid. 802, "[h]earsay is not admissible except as provided by [the Federal rules of Evidence] or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress."  *See also United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005).  Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c).  While party-opponent admissions "offered against a party" that are "the party's own statement" are not considered hearsay pursuant to Rule 801(d)(2), such Rule "does not extend to a party's attempt to introduce his or her *own* statements through the testimony of other witnesses."  *McDaniel*, 398 F.3d

at 545 (emphasis in original) (citing *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996), *cert. denied*, 522 U.S. 934, 118 S.Ct. 341, 139 L.Ed.2d 264 (1997)).  As stated by the Sixth Circuit, "if such statements were deemed admissible under Rule 801(d)(2), parties could effectuate an end-run around the adversarial process by, in effect, testifying without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury." *Id*. (citing *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir.2000)).

Here, based on the Sixth Circuit's holding in *McDaniel*, 398 F.3d at 545, the Court **GRANTS** the Government's Motion in Limine to the extent it seeks an order precluding Defendants from eliciting from witnesses certain out-of-court statements made by Defendants if such statements are offered as proof of the matter asserted.

**IT IS SO ORDERED.**

Date:  July 27, 2011

Timothy S. Black
United States District Judge