UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:09-cr-153 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| DAVID C. BIGI (1), | : | |
| ROBERT J. BIGI (2), | : | |
| | : | |
| Defendants. | : | |

## ORDER DENYING DEFENDANT DAVID BIGI'S MOTION TO STRIKE COUNTS OF MULTIPLICITY (DOC. 218)

This case is before the Court on Defendant David Bigi's Motion to Strike or Elect

Counts of Multiplicity. (Doc. 218). Defendant argues that the First Superceding

Indictment (Doc. 65) is defective because Count 1 charging a conspiracy to engage in

interstate transportation of stolen property, a violation of 18 U.S.C. § 371, and Counts

2-14 charging the interstate transportation of stolen property, a violation of 18 U.S.C.

§2314, proscribe the same conduct, and, therefore, are improperly multiplicitous. The

Government filed a Response opposing Defendant's Motion. (Doc. 228).

"It is well settled that conspiracy to commit an offense is a separate and distinct

crime from the commission of the substantive offense." *Beckman v. United States*, 890

F.2d 416 (6th 1989) (citing *United States v. Allen*, 797 F.2d 1395, 1402 (7th Cir.), *cert.*

*denied*, 479 U.S. 856 (1986); *United States v. Lupino*, 480 F.2d 720, 724 (8th Cir.), *cert.*

*denied*, 414 U.S. 924 (1973)). "Whether an indictment is defective on the grounds of

multiplicity is determined by whether each count requires proof of a fact which the other

does not." *Beckman*, 890 F.2d 416 (citing *Blockburger v. United States*, 284 U.S. 299,

304 (1932); *United States v. Marquardt*, 786 F.2d 771, 778 (7th Cir.1986)).

Here, the conspiracy count and the substantive counts alleging the interstate

transport of stolen property each require the proof of at least one different element. *See*

*Wilson v. United States*, 811 F.2d 608 (6th Cir. 1986) (holding that "the conspiracy

charged in 18 U.S.C. § 371 required proof of an agreement to transport stolen motor

vehicles; the substantive offense (18 U.S.C. § 2312) required proof that stolen vehicles

actually were transported in interstate commerce" and "[t]herefore, the district court

correctly found that [defendant] was properly convicted of conspiracy to transport stolen

motor vehicles and of the underlying offense of transporting a stolen motor vehicle"); *see*

*also United States v. Payan*, 992 F.2d 1387, 1392-1393 (5th Cir. 1993) (rejecting the

contention that defendant's "convictions violate the Double Jeopardy Clause because

each element of the conspiracy statute is replicated in 18 U.S.C. § 2314 when it is coupled

with the aiding and abetting statute").

As explained by the Fifth Circuit:

> Convictions for the interstate transportation of stolen goods and
> conspiracy to commit that same offense each require proof of
> elements not required for conviction of the other offense. A
> conviction for conspiracy to commit a substantive offense requires
> proof of an agreement to commit an offense against the United
> States. In contrast, neither aiding and abetting nor transportation of
> stolen goods requires proof of an agreement. A conviction for the
> transportation of stolen goods does, however, require proof of
> several elements not essential to a conviction for conspiracy to
> transport stolen goods. For example, a conviction for the
> transportation of stolen property requires that the stolen goods
> actually be transported in interstate or foreign commerce. Liability
> for conspiracy to transport stolen goods may attach without the
> goods ever actually moving in commerce.

*Payan*, 992 F.2d at 1392-93. Based on all of the foregoing, the Court concludes that the First Superceding Indictment is not defective on the grounds of multiplicity.[1]

Accordingly, Defendant's Motion to Strike or Elect Counts of Multiplicity (Doc. 218) is **DENIED**.

**IT IS SO ORDERED.**

Date: July 27, 2011

Timothy S. Black
United States District Judge

---

[1] Defendant's citation to *United States v. Ehle*, 640 F.3d 689 (6th Cir. 2011) does not change the Court's decision. In *Ehle*, the Sixth Circuit found "a double jeopardy violation in Ehle's convictions for both receiving and possessing the same child pornography." *Ehle*, 640 F.3d at 694. The court held that 18 U.S.C. § 2252A(a)(2)(A), *i.e.*, receiving child pornography, and 18 U.S.C. § 2252A(a)(5)(B), *i.e.*, possessing child pornography, "proscribe the same offense, since the possessing provision does not requires proof of any fact that the receiving provision does not." *Id.* In reaching such a conclusion, the court held that, "[a]s a matter of plain meaning, one obviously cannot 'receive' an item without then also 'possessing' that item, even if only for a moment." *Id.* at 695. Here, the Court finds that *Ehle* has no applicability to the conspiracy and substantive counts charged in this case.