UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:09-cr-153 |
| vs. | Judge Timothy S. Black |
| DAVID C. BIGI (1), ROBERT J. BIGI (2), | |
| Defendants. | |

### ORDER DENYING DEFENDANT DAVID BIGI'S MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE TAKEN FROM DEFENDANT'S HOME (DOC. 219)

This case is before the Court on Defendant David Bigi's Motion in Limine to exclude evidence seized from his home on the basis that there was a break in the chain of custody. Defendant's Motion focuses on the fact that 138 days elapsed between the time that evidence was seized from his home and the time it was finally checked into the property room at the Beavercreek, Ohio Police Department.

The Government, in its Response, states that it anticipates that Detective Mark Brown of the Beavercreek Police Department will adequately establish a chain of custody at trial. (Doc. 227). Further, the Government contends that Defendant's Motion should be denied because Defendant fails to present any evidence that the materials seized from Defendant's home were tampered with or otherwise altered. (*Id.*)

"Physical evidence is admissible when the possibilities of misidentification or alteration are 'eliminated, not absolutely, but as a matter of reasonable probability.'" *United States v. Allen*, 106 F.3d 695, 700 (6th Cir.1997) (citations omitted). A party arguing that physical evidence is inadmissible as a result of a break in the chain of custody must do more than merely raise "the possibility of tampering[.]" *Id.* (citing

*United States v. Kelly*, 14 F.3d 1169, 1175 (7th Cir.1994)). In fact, absent any evidence "indicating that tampering with the exhibits occurred, courts presume public officers have discharged their duties properly." *Id.* (citing *United States v. Aviles*, 623 F.2d 1192, 1197-98 (7th Cir.1980). In other words, "[a]bsent clear evidence that public officers tampered with the evidence at issue, challenges to the chain of custody typically go to the weight of the evidence, and not its admissibility." *United States v. Collier*, 246 Fed.Appx. 321, 335 (6th Cir. 2007) (citing *United States v. Levy*, 904 F.2d 1026, 1030 (6th Cir.1990), *United States v. Allen*, 106 F.3d 695, 700 (6th Cir.1997)).

Here, Defendant presents no evidence that documents seized from his home have been tampered with or otherwise altered. Instead, Defendant asks that the Court infer the possibility of tampering based on the substantial time lapse between the date of seizure and date the evidence was booked into the property room. The Court finds this argument, in and of itself, insufficient to deem the documents inadmissible. Further, Defendant fails to explain with any specificity why the lack of an inventory taken during the consent search of his home prevents him from offering evidence of tampering.

Based on the foregoing, the Court concludes that Defendant's arguments concerning chain of custody present issues of credibility, not admissibility. Accordingly, Defendant's Motion in Limine is **DENIED**.

**IT IS SO ORDERED.**

Date: July 27, 2011

*/s/ Timothy S. Black*
Timothy S. Black
United States District Judge