UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:09-cr-153 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| DAVID C. BIGI (1), ROBERT J. BIGI (2), | : | |
| Defendants. | : | |

**DECISION AND ENTRY: (1) GRANTING USA'S MOTION IN LIMINE REGARDING ADMISSIBILITY OF DAVID BIGI'S PRIOR CONVICTION (DOC. 214); (2) GRANTING USA'S MOTION TO DEEM CERTAIN EVIDENCE AS INEXTRICABLY INTERTWINED WITH THE CHARGED OFFENSES (DOC. 215); (3) GRANTING DEFENDANT ROBERT BIGI'S MOTION TO JOIN IN DEFENDANT DAVID BIGI'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AFTER JULY 8, 2009 (DOC. 221); AND (4) DENYING DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE AFTER JULY 8, 2009 (DOC. 217)**

This case is before the Court on: (1) the Government's Motion in Limine requesting that the Court deem evidence regarding Defendant David Bigi's previous state conviction for receiving stolen property admissible as proof of knowledge and lack of mistake pursuant to Fed. R. Evid. 404(b) (Doc. 214); (2) the Government's Motion to deem certain evidence inextricably intertwined with the charge offenses (Doc. 215); (3) Defendant David Bigi's Motion in Limine seeking to exclude any evidence after July 8, 2009; and (4) Defendant Robert Bigi's Motion to Join Defendant David Bigi's Motion in Limine to exclude evidence post-July 8, 2009. (Doc. 221). These Motions are now ripe for decision by the Court.

1. **Admissibility of David Bigi's State Conviction**

Defendant David Bigi was convicted in October 2009 in the Court of Common Pleas, Montgomery County, Ohio with receiving stolen property in violation of Ohio Rev. Code § 2913.51(A). The conduct at issue in the state court case occurred on July 10, 2009.

Notably, the conduct at issue in this federal case allegedly occurred between September 1, 2006 and July 8, 2009. (Doc. 65). Similar to a number of charges in this case, the state conviction concerned a stolen "Bobcat skid loader[.]"

Pursuant to Fed. R. Evid. 404(b), "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Evidence of other crimes, wrongs or acts "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" Fed. R. Evid. 404(b). The government bears the obligation to "provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial," upon defendants' request. *Id*. Rule 404(b) "is actually a rule of inclusion rather than exclusion, since only one use is forbidden and several permissible uses of such evidence are identified." *United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir. 1985).

In determining whether evidence is admissible pursuant to Rule 404(b), the Court's "inquiry consists of three parts." *United States v. Mack*, 258 F.3d 548, 553 (6th Cir. 2001) (citations omitted). The Court must first "make a preliminary determination as to whether sufficient evidence exists that the prior act occurred." *Id*. Here, Defendant David Bigi was, without any dispute, convicted of the state offense. Accordingly, the Court determines that the first inquiry is satisfied.

Next, the Court "must make a determination as to whether the 'other act' is admissible for a proper purpose under Rule 404(b)." *Id*. The Court must "determine that the evidence is relevant; that is, the evidence must relate to a matter which is 'in issue,' and must deal with conduct substantially similar and reasonably near in time to the offenses for which the defendant is being tried." *Blankenship*, 775 F.2d at 739.

Here, the Government asserts that Defendant David Bigi's conviction is admissible to prove knowledge, lack of mistake and method of operation. (Doc. 214). Certainly, knowledge is an element of the criminal offense alleging the interstate transport of stolen property under 18 U.S.C. § 2314, *i.e.*, whether Defendant knew that the subject property was stolen.[1] Further, because the conduct involved in the state conviction occurred a mere two days after the latest date of the conduct alleged here, and occurred before Defendant David Bigi's arrest, the "reasonably near in time" factor is satisfied. Accordingly, because the Court determines that the prior conviction is probative of Defendant David Bigi's knowledge, lack of mistake and method of operation, and as such conduct occurred near in time to the alleged conduct at issue in this case, the second inquiry is satisfied.

Finally, the Court "must determine whether the 'other acts' evidence is more prejudicial than probative under Rule 403." *Id.* Rule 403 of the Federal Rules of Evidence provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." With regard to David Bigi, the Court finds that the probative value of Defendant David Bigi's state conviction outweighs any danger of unfair prejudice, confusion or misleading the jury.

Co-Defendant Robert Bigi argues that the danger of unfair prejudice to him resulting from evidence of his brother's conviction outweighs the probative value of such evidence. Such a consideration is proper because, "before admitting 'other acts' evidence in a joint

---

[1] To obtain a conviction under 18 U.S.C. § 2314, the Government must prove: "(1) transporting, or causing the transportation, (2) in interstate commerce, (3) of property valued at $5,000 or more, (4) with knowledge that is has been stolen, converted, or fraudulently taken from its rightful owner." *United States v. Monus*, 128 F.3d 376, 384 (6th Cir. 1997); *see also United States v. Shalash*, 108 Fed. Appx. 269, 284 (6th Cir. 2004); *United States v. Pando*, 102 Fed. Appx. 944, 948 (6th Cir. 2004).

trial, a trial judge must not only weigh the probative value of the evidence against the danger of unfair prejudice to the defendant against whom the evidence is introduced, but must also consider any possible 'spillover' prejudice that may unfairly prejudice other defendants." *United States v. Davis*, 838 F.2d 909, 916 (6th Cir. 1988) (citing *United States v. Rosenwasser*, 550 F.2d 806, 808 (2nd Cir. 1977), *cert. denied*, 434 U.S. 825 (1977).

Here, the Court continues to conclude that cross-examination and a proper limiting instruction are sufficient to cure the potential for any unfair prejudice resulting to Robert Bigi upon introduction of David Bigi's state conviction for the purpose of proving David Bigi's knowledge. As set forth in previous Orders of the Court, Defendant Robert Bigi makes no specific showing of substantial and compelling prejudice resulting from admission of such evidence to either require severance or the exclusion of evidence. (Doc. 191, 242). As a result, the Court concludes that the probative value of the evidence outweighs the risk of unfair prejudice to Robert Bigi and that this case presents no unique concerns leading the Court to believe that a jury cannot properly compartmentalize the evidence offered with regard to each Defendant and follow the Court's instructions.

For the foregoing reasons, the Court finds the Government's Motion in Limine (Doc. 214) well taken and Defendant David Bigi's state conviction is admissible as against David Bigi pursuant to Rule 404(b) for the limited purposes of proving his knowledge. Accordingly, the Court **GRANTS** the Government's Motion in Limine. (Doc. 214).

2. **Inextricably Intertwined Evidence**

Next, the Government seeks an Order deeming certain evidence admissible as inextricably intertwined with the alleged offenses. The Government contends that the investigations of Defendants culminated in searches of a storage unit and Defendant David Bigi's home on July 10, 2009, as well as the arrest and questioning of Defendant David Bigi on that date. The Government contends that evidence concerning how investigators ended up

searching those locations and ultimately arresting David Bigi is necessary "to complete the story of the charged offenses."

Specifically, the Government anticipates testimony from two witnesses who worked at Art's Rental on July 10, 2009. The Government anticipates that the first witness will testify regarding David Bigi's rental of a skid loader on that day, the witness's decision to verify that skid loader's identification number, and that witness's instruction to a fellow employee to follow David Bigi to see where the skid loader was taken. The Government anticipates that the second employee will testify about following David Bigi and what the witness observed David Bigi do with the skid loader.

Background evidence, "often referred to as 'res gestae,' does not implicate Rule 404(b)." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000) (citing 2 Jack B. Weinstein, Margaret A. Berger & Joseph M. McLaughlin, Weinstein's Federal Evidence, § 404.20[2][c]). As described by the Sixth Circuit:

> Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

*Id.* (citing Jennifer Y. Schuster, Uncharged Misconduct Under Rule 404(b): The Admissibility of Inextricably Intertwined Evidence, 42 U. Miami Law Review 947 (March/May 1998)).

Defendants generally object to admission of such evidence simply arguing that the evidence explains acts and events occurring two days *after* the conduct alleged in the First Superceding Indictment, and, therefore, should not be admitted whatsoever. Further, Defendants contend that such evidence occurring *after* the conduct alleged in the First Superceding Indictment necessarily cannot be "background" evidence.

Courts have "recognized that acts following the offense charged may be testified to as 'integral parts of the offense for which the defendant was charged.'" *United States v. Ball*, 868 F.2d 984, 988 (8th Cir. 1989) (citing *United States v. Two Eagle*, 633 F.2d 93, 95 (8th Cir.1980)). Thus, even "'subsequent events or transactions may be introduced if they are an integral part of the offense for which the defendant is charged.'" *Id*. (citing *United States v. Poston*, 727 F.2d 734, 740 (8th Cir. 1984); (*United States v. Gallington*, 488 F.2d 637, 641 (8th Cir.1973), *cert. denied*, 416 U.S. 907 (1974). Subsequent conduct "may be an integral part of the offense if such activity is 'so blended or connected with the one [offense] on trial as that proof of one incidentally involves the other; *or explains the circumstances thereof*; or tends logically to prove any element of the crime charged.'" *Id*. (citing *Poston*, 727 F.2d at 740; *United States v. Derring*, 592 F.2d 1003, 1007 (8th Cir.1979) (emphasis in original).

Here, the Court concludes that the anticipated testimony of the Art's Rental employees is probative of the circumstances of the offenses charged, is proper relevant background evidence forming an integral part of witness testimony, and completes the story of the charged offense. Not only are the employees' observations probative of the offenses charged in the indictment, such testimony provides necessary background information explaining what triggered the search of a storage unit and David Bigi's home. These searches purportedly led to the discovery of evidence probative of, not only the state offense, but also of conduct alleged in this case. Evidence from the two Art's Rental employees provides background integral to witness testimony and completes the story of the charged offense.[2]

Accordingly, the Government's Motion to Deem such testimony inextricably intertwined is **GRANTED**. (Doc. 215).

---

[2] As set forth above, and for the same reasons, the Court concludes that the probative value of such evidence outweighs the risk of prejudice to both Defendants.

### 3. Motions in Limine to Exclude All Evidence After July 8, 2009

Defendant David Bigi moves to exclude all evidence of actions occurring after July 8, 2009, "including the results of any search of his home, search of any storage locker and any statements made and/or State actions[.]" (Doc. 217). Defendant Robert Bigi requests that the Court allow him to join in Defendant David Bigi's Motion, which the Court **GRANTS**. (Doc. 221).

With regard to the substance of Defendant David Bigi's Motion, the Court is not inclined to exclude any and all evidence of acts occurring or evidence gathered after July 8, 2009 for all of the reasons set forth above, and because certain evidences obtained as a result of the searches conducted on July 10, 2009 are directly relevant to the conduct alleged in this case and are probative of issues presented herein.

Accordingly, for the foregoing reasons, Defendant's request to exclude any and all evidence of acts occurring or evidence gathered after July 8, 2009 is **DENIED**.

### 4. Conclusion

Based on all of the foregoing reasons, the Court hereby Orders that:

1. the Government's Motion in Limine requesting that the Court deem admissible Defendant David Bigi's prior conviction for receiving stolen property as proof of knowledge and lack of mistake (Doc. 214) as against Defendant David Bigi is **GRANTED**;

2. the Government's Motion to Deem Certain Evidence as Inextricably Intertwined with the Charged Offenses (Doc. 215) is **GRANTED**;

3. Defendant Robert Bigi's Motion to Join in Defendant David Bigi's Motion in Limine to Exclude Evidence After July 8, 2009 (Doc. 221) is **GRANTED**; and

4. Defendants' Motion in Limine to Exclude Any Evidence After July 8, 2009 (Doc. 217) is **DENIED**.

-8-

**IT IS SO ORDERED.**

Date:  July 28, 2011                                        *Timothy S. Black*
                                                            Timothy S. Black
                                                            United States District Judge